ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SANDRA I. TORRES NEVÁREZ<br><br>Recurrida<br><br>v.<br><br>ENERGY SOLAR PRODUCTS, INC.; MOISÉS ALMANSA DOMÍNGUEZ, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES QUE COMPONE CON SU ESPOSA FULANA DE TAL<br><br>Peticionarios | KLCE202300799 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2022CV03511 (Sala 402)<br><br>Sobre: Despido Injustificado (Ley 80-1976), Represalias (Ley 115-1991), Discrimen por Género (Ley 1900-1959), Daños y Perjuicios (Ley Núm. 2 de 17 de octubre de 1961) (Procedimiento Sumario |

Panel integrado por su presidenta, la Jueza Ortíz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Rivera Pérez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de agosto de 2023.

Comparece ante nos Energy Solar Products, Inc., (en adelante, Energy Solar) y nos solicita la revisión de la *Resolución* emitida y notificada el 7 de julio de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI). Mediante dicho dictamen, el TPI declaró No Ha Lugar la *Moción de Sentencia Sumaria* presentada el 5 de mayo de 2023 por Energy Solar.

Por los fundamentos que expondremos, se deniega la expedición del auto de *Certiorari.*

**I**

Según surge del expediente, el 11 de julio de 2022, la Sra. Sandra I. Torres Nevárez (en adelante, Sra. Torres Nevárez) presentó una *Querella* sobre despido injustificado, represalias, discrimen por género, y daños y perjuicios en contra de Energy Solar, el Sr. Moisés

Almansa Domínguez, por sí y en representación de la Sociedad de Bienes Gananciales que compone con su esposa Fulana De Tal (en adelante, Sr. Almansa Domínguez).[1] La querella se presentó bajo la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como *"Ley de Procedimiento Sumario de Reclamaciones Laborales"*, 32 LPRA sec. 3118 *et seq.*

En la querella, la Sra. Torres Nevárez alegó que fue empleada de Energy Solar desde el 6 de mayo de 1985 hasta el 30 de junio de 2022, cuando se vio forzada a renunciar de su empleo debido a un incidente con el Sr. Almansa Domínguez, Presidente de Energy Solar. El incidente ocurrió durante una reunión celebrada el 14 de junio de 2022, en la cual estaban presentes el Sr. Almansa Domínguez, la Sra. Torres Nevárez y varios funcionarios de Primex, Inc. Según la Sra. Torres Nevárez alegó en la querella que:

> "9. En dicha reunión virtual del 14 de junio de 2022, Moisés Almansa, el presidente de la compañía -después que la querellante le hiciera una aclaración pertinente a un servicio que éste había afirmado erróneamente que era a cierta hora, pero era a otra- sin razón alguna se descontroló, le subió la voz a la querellante, incluso le gritó, le acusó de decirle "mentiroso", menospreció su trabajo frente a los consultores de Primex, y continuó profiriendo humillaciones y vejámenes contra la querellante, incluyendo el empleo de palabras soeces en presencia de la querellante, y en la presencia de terceros que participaron de la misma reunión; todos ellos varones.
>
> 10. La querellante, se sintió de tal manera humillada que dijo a Almansa que *"a mi usted no me hable así, yo no le estoy faltando el respeto y usted me lo está faltando a mí..[.]"*.
>
> 11. Pero el presidente de la compañía, Almansa, ahí fue que se alteró más, y que más le gritó, insultó, vejó y ridiculizó frente a los demás haciéndola sentir avergonzada y humillada.
>
> 12. La querellante, sintiéndose irreparablemente lesionada en su dignidad, se desconectó de la reunión virtual a las 5:17 P.M., antes de que la misma terminara, tras lo cual no pudo contener el llanto, y lloró en su oficina.

---

[1] Apéndice del *Certiorari*, págs. 1-5.

13. Al salir de su oficina, llorosa, y con disposición de irse para no volver, se encontró con tres empleadas, con un ingeniero que estuvo presente en la reunión, y que fue hasta donde ella a preguntarle cómo estaba, y les dijo "hasta aquí llegué, no me esperen mañana…" y la querellante se fue.

14. Desde ese día se sintió tan humillada que no podía regresar a su trabajo y ver a su jefe de nuevo; que es ante quién único ella se reporta, y a quién tenía que ver a diario.

[…]."[2]

La Sra. Torres Nevárez alegó que esta situación con su jefe en la que se vio obligada a renunciar de su empleo constituyó un despido constructivo o tácito. Además, esta alegó que fue víctima de represalias y de discrimen por razón de género. La Sra. Torres Nevárez solicitó en la querella los remedios que proveen la Ley 80 de 30 de mayo de 1976, enmendada, conocida como la *"Ley Sobre Despidos Injustificados"*, 29 LPRA sec. 185a *et seq.*, la Ley Núm. 100 de 30 de junio de 1959, según enmendada, conocida como *"Ley Antidiscrimen de Puerto Rico"*, 29 LPRA sec. 146 *et seq.*, y la Ley Núm. 115-1991, según enmendada, conocida como la *"Ley de Represalias"*, 29 LPRA sec. 194 *et seq.*

El 9 de agosto de 2022, Energy Solar presentó su *Contestación a la Querella,* en la que negó las alegaciones hechas en su contra y levantó varias defensas afirmativas.[3]

El 19 de agosto de 2023, el Sr. Almansa Domínguez presentó una *Moción de Desestimación Parcial,* en la que solicitó desestimación de la querella en cuanto a él y la Sociedad de Bienes Gananciales que compone con su esposa, así como de la causa de acción de daños y perjuicios bajo el Código Civil.[4]

El 27 de septiembre de 2022, notificada el 30 de septiembre de 2022, el TPI dictó una *Sentencia Parcial,* mediante la cual declaró

---

[2] *Íd.*, págs. 2-3.
[3] Apéndice del *Certiorari*, págs. 6-11.
[4] Entrada Núm. 16 del expediente digital del Caso Núm. BY2022CV03511 en el Sistema Unificado de Manejo de Casos (en adelante, SUMAC).

Ha Lugar la moción de desestimación presentada por el Sr. Almansa Domínguez.[5]

Así las cosas, el 5 de mayo de 2023, Energy Solar presentó una *Moción de Sentencia Sumaria.*[6] En síntesis, Energy Solar alegó en su moción que procedía que se dictara sentencia sumaria a su favor desestimando la totalidad de la reclamación basado en que no estaban presentes los elementos necesarios para establecer una causa de acción de despido injustificado bajo la modalidad de despido constructivo o tácito, represalias y discrimen por razón de género.

El 25 de mayo de 2023, la Sra. Torres Nevárez presentó *Oposición a Moción de Sentencia Sumaria,* alegando la existencia de controversias de hechos que impedían la resolución sumaria de la reclamación.[7]

Finalmente, el 7 de julio de 2023, el TPI emitió y notificó la *Resolución* recurrida.[8] Mediante este dictamen, el TPI declaró No Ha Lugar la *Moción de Sentencia Sumaria* presentada por Energy Solar y ordenó la continuación de los procedimientos del caso. En su dictamen, el TPI formuló veintidós (22) determinaciones de hechos sobre los cuales no existía controversia y tres (3) de hechos sobre los cuales existía controversia. Estos últimos, fueron los siguientes:

> "1. Si lo sucedido en la reunión del 14 de junio de 2023 forzó la renuncia de la querellante.
>
> 2. Si el patrono violó la ley 100 de discrimen por género; la ley 115 de 1991, ley de represalia;
>
> 3. Si la misma conducta constituye un acto u omisión negligente y culposa del patrono que causó daños a la querellante."[9]

---

[5] Entrada Núm. 20 del expediente digital del Caso Núm. BY2022CV03511 en SUMAC.
[6] Apéndice del *Certiorari*, págs. 12-88.
[7] Apéndice del *Certiorari*, págs. 89-119.
[8] Apéndice del *Certiorari,* págs. 120-125.
[9] *Íd.*, pág. 124.

Finalmente, a base de estas determinaciones, el TPI concluyó lo siguiente:

> "Luego de revisar el escrito solicitando que se resuelva el caso por la vía de la sentencia sumaria y el escrito que se opone a dicha solicitud, junto a los anejos que se acompañaron para sustentar las peticiones, este Tribunal determina que no debe utilizar el mecanismo de sentencia sumaria para resolver este caso.
>
> A juicio del Tribunal existen hechos materiales controvertidos en el caso. La propia parte querellada reconoce en su solicitud de sentencia sumaria que existe controversia de hechos respecto a lo ocurrido en la reunión del 14 de junio de 2022. Por lo que, este Tribunal tendrá que evaluar elementos de credibilidad para resolver las controversias medulares en el caso."[10]

Inconforme con dicha determinación, Energy Solar acudió ante nos el 17 de julio de 2023 mediante el presente recurso de *Certiorari* señalando los errores siguientes:

> Erró el TPI al no dictar sentencia sumaria en este caso.
>
> Erró el TPI al no adjudicar que procedía desestimar la acción de despido constructivo por no estar presente los elementos constitutivos de la misma.
>
> Erró el TPI al no adjudicar que no se establecieron los elementos de un reclamo de discrimen por razón de género.
>
> Erró el TPI al no adjudicar que no se establecen los elementos de una reclamación de represalia en el presente caso.

El 21 de agosto de 2023, la Sra. Torres Nevárez presentó *Oposición a Petición de Certiorari.*

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A.

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior." *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León*

---

[10] *Íd.*, págs. 124-125.

*v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, a la pág. 337. Dicha Regla dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones:

> "cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 [de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57,] **o de la denegatoria de una moción de carácter dispositivo."** (énfasis suplido) Regla 52.1 de Procedimiento Civil, *supra.*

No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia:

> "cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia." *Íd.*

Al denegar la expedición de un recurso de *certiorari* en estos últimos casos, la Regla 52.1 de Procedimiento Civil, *supra*, dispone que "el Tribunal de Apelaciones no tiene que fundamentar su

decisión." *Íd.*

Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**B.**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, dispone todo lo concerniente al mecanismo procesal de sentencia sumaria. El propósito de este mecanismo es disponer ágilmente de aquellos casos en los que no estén presentes hechos materiales en controversia que requieran de la celebración de un juicio en su fondo. *Reyes Sorto v. E.L.A.*, 2023 TSPR 62, 211 DPR ____; *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1024 (2020); *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

De la prueba que acompaña la moción de sentencia sumaria debe surgir de manera preponderante que no existe controversia sobre hechos medulares del caso. *Zambrana García v. ELA et al.*, 204 DPR 328, 341-342 (2020); *Jusino et als. v. Walgreens*, 155 DPR 560, 577 (2001). Por ende, cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. *Abrams Rivera v. E.L.A.*, 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas*, 178 DPR 820, 848 (2010); *Ramos Pérez v. Univisión*, supra, pág. 214.

Se ha definido que "un hecho material es aquel que, de acuerdo con el derecho aplicable, puede alterar la forma en que se resuelve un caso". *Zambrana García v. ELA et al.*, supra, pág. 341; *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Así pues, "[e]n ausencia de una controversia de hechos materiales, el tribunal dictará sentencia si procede en derecho". *Rivera Matos et al. v. Triple-S et al.*, supra, pág. 1024, haciendo referencia a *Rodríguez García v. UCA*, supra, pág. 940; *Savary et al. v. Mun. Fajardo et al.*, 198 DPR 1014 (2017).

Por otra parte, se ha señalado que no es el apropiado dictar sentencia sumaria en casos en donde hay elementos subjetivos, de intención, propósitos mentales o negligencia o cuando el factor de credibilidad sea esencial. *Ramos Pérez v. Univisión*, supra, pág. 219; *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301 (1994); *Elías y otros v. Chenet y otros*, 147 DPR 507 (1999). De la misma manera, también se ha dicho que "hay litigios y controversias que por la naturaleza de los mismos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de declaraciones de autenticidad o deposiciones." *Elías y otros v. Chenet y otros*, supra.

Finalmente, al evaluar la procedencia de una sentencia sumaria, los tribunales revisores nos encontramos en la misma posición que el Tribunal de Primera Instancia. *Rivera Matos et al. v. Triple-S et al.*, supra, pág. 1025; *Meléndez González et al. v. M. Cuebas*, supra, pág. 115. De encontrar que los hechos materiales realmente están incontrovertidos, nos corresponde entonces revisar *de novo* si el foro primario aplicó correctamente el Derecho. *Rivera Matos et al. v. Triple-S et al.*, supra, pág. 1025; *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Por tanto, "[s]i el juez se convence de que no existe una posibilidad razonable de que escuchar lo que lee no podrá conducirlo a una decisión a favor de esa parte, debe dictar sentencia sumaria." *Ramos Pérez v. Univisión*, supra, pág. 214.

**III**

En su recurso de *Certiorari*, Energy Solar señala que erró el TPI al "no dictar sentencia sumaria en este caso". Además, señala que también erró al no adjudicar que "procedía desestimar la acción de despido constructivo por no estar presente los elementos constitutivos de la misma"; que "no se establecieron los elementos de un reclamo de discrimen por razón de género"; y que "no se establecen los elementos de una reclamación de represalia en el presente caso."

Energy Solar alega que en el presente caso procedía la desestimación sumaria de la querella fundada en que la prueba era insuficiente como cuestión de derecho para sostener la reclamación de la Sra. Torres Nevárez. Al respecto, argumenta que, aun si se da por cierta la versión de la Sra. Torres Nevárez sobre el incidente ocurrido durante la reunión del 14 de junio de 2022, no están presentes los elementos necesarios para establecer una causa de acción por despido injustificado bajo la modalidad de despido constructivo o tácito, represalias y discrimen por razón de género.

Según reseñamos, en la *Resolución* recurrida, el TPI concluyó que "no deb[ía] utilizar el mecanismo de sentencia sumaria para resolver este caso."[11] A juicio del TPI, existían "hechos materiales controvertidos."[12] Además, dispuso que "[l]a propia parte querellada reconoce en su solicitud de sentencia sumaria que existe controversia de hechos respecto a lo ocurrido en la reunión del 14 de junio de 2022", por lo que "este Tribunal tendrá que evaluar elementos de credibilidad para resolver las controversias medulares en el caso."[13]

Tratándose de la denegatoria de una moción de carácter dispositivo, estamos facultados para revisar esta determinación mediante un recurso de *certiorari*, conforme a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*. Sin embargo, la expedición de un recurso de *certiorari* sigue siendo una decisión discrecional por parte del tribunal y se basa en la evaluación de los criterios establecidos la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Evaluado el recurso de *Certiorari* presentado por Energy Solar a la luz de los criterios que guían el ejercicio de nuestra discreción para decidir si procede la expedición de estos recursos, concluimos que en el presente caso no hay motivos para ejercer nuestra función revisora en esta etapa de los procedimientos. A juicio del TPI, existen controversias relacionadas al incidente ocurrido durante la reunión del 14 de junio de 2022 que contienen elementos subjetivos que difícilmente se puede resolver mediante el mecanismo de la sentencia sumaria. Estos asuntos no pueden precisarse a menos que se celebre un juicio plenario aspecto con el cual coincidimos con el foro primario.

---

[11] Apéndice del *Certiorari*, págs. 124-125.
[12] *Íd.*
[13] *Íd.*

Por lo tanto, determinamos que no procede la expedición del recurso de *Certiorari.*

**IV**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones